IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JASON JORDAN,

                    ORDER

     Petitioner,

                    12-cv-170-bbc

  v.

BYRAN BARTOW, Director,
Wisconsin Resource Center,

     Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

  Jason Jordan, a prisoner at the Sand Ridge Secure Treatment Center, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his October 14, 2008 conviction and December 22, 2010 sentence for child abuse entered by the Circuit Court for Rock County in case number 2008CF1872. He has paid the $5 filing fee. The petition is before the court for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases.

  At this time, I cannot determine whether petitioner states a claim that may be brought under § 2254 because his petition contains few facts and no explanation why he thinks his conviction and sentence "violat[e] the Constitution or laws or treaties of the United States," as required by § 2254(a). Petitioner states only that his right to due process and equal protection were violated during his trial and that the prosecutor failed to prove all elements of petitioner's offense. He does not provide any details about why he believes

1

his constitutional rights were violated or which elements the prosecutor failed to prove.

Under the rules governing habeas petitions, a petition must include all grounds for relief available to the petitioner and state the facts supporting each ground. Rule 2(c) of the Rules Governing Section 2254 Cases. The conclusory "notice pleading" permitted in civil suits is inadequate in habeas cases because "the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Advisory Committee Note to Habeas Rule 4 (quoting Aubut v. State of Maine, 431 F.2d 688, 689 (1st Cir. 1970)). This means that the petition must cross "some threshold of plausibility" before the state will be required to answer. Harris v. McAdory, 334 F.3d 665, 669 (7th Cir. 2003); Dellenbach v. Hanks, 76 F.3d 820, 822 (7th Cir. 1996). Petitioner's petition fails to cross that threshold. He has provided no facts from which this court could infer that his detention is illegal.

The petition also raises a question about whether petitioner has exhausted his state court remedies. It is well established that before a federal court may consider the merits of a state habeas petitioner's claims, the petitioner must exhaust the remedies available to him in the state courts. 28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Perruquet v. Briley, 390 F.3d 505, 514 (7th Cir. 2004). To comply with the exhaustion requirement, "the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review)." Baldwin v. Reese, 541 U.S. 27, 29 (2004).

Petitioner says nothing in his petition about whether he has raised his constitutional objections in the Wisconsin state courts. A review of the court records publicly available on

the Wisconsin Circuit Court Access system for petitioner's case shows that petitioner did not file a direct appeal of his conviction in 2008. <u>Wisconsin v. Jordan</u>, 2008CF1872. However, after his probation was revoked and he was sentenced in December 2010, petitioner filed a petition for a writ of habeas corpus that was denied by the Wisconsin Court of Appeals. <u>Jordan v. Bartow</u>, 2011AP2046. I cannot tell what claims petitioner raised in his petition or why they were rejected. If petitioner raised the claims he is now attempting to raise in this federal court, if the Wisconsin Court of Appeals considered the claims on the merits and if petitioner appealed to the Wisconsin Supreme Court, petitioner has exhausted his claims. However, if petitioner raised his constitutional claims, but the Wisconsin Court of Appeals rejected them as untimely, he cannot raise them now in federal court. Additionally, if petitioner has not raised his constitutional claims in state court at all or if he failed to appeal his claims to the Wisconsin Supreme Court, he may not bring those claims in federal court until he has done so.

      Before taking further action, I will provide petitioner an opportunity to file a new petition on an appropriate form that contains facts showing that his custody is unlawful and that he has exhausted his state court remedies. He may have until June 28, 2012 to file the new petition. If he does not respond by that date, I will dismiss his petition for failure to show he is in custody in violation of the laws of the United States.

## ORDER

      IT IS ORDERED that petitioner Jason Jordan has until June 28, 2012 to file an

amended petition for writ of habeas corpus under 28 U.S.C. § 2254 on the form provided. If petitioner fails to respond by June 28, 2012, I will dismiss his petition for failure to show that he is in custody in violation of the laws of the United States.

Entered this 14th day of June, 2012.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge